IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:18-CR-263-L** |
| | § | |
| **ANDREW MICHAEL PENNY** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Opposed Motion to Withdraw Guilty Plea ("Motion") (Doc. 30), filed February 6, 2018, by Defendant Andrew Michael Penny ("Penny" or "Defendant"). After considering the Motion, response, record, and applicable law, the court **grants** the Motion to Withdraw Guilty Plea (Doc. 30).

**I.  Background and the Parties' Contentions**

Penny seeks to withdraw his September 18, 2018 guilty plea pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure. Penny seeks to withdraw his guilty plea because the discovery provided to his attorney before he pleaded guilty did not include a prior 1995 aggravated robbery conviction that qualifies him for and subjects him to a sentence of not less than fifteen years of imprisonment under the Armed Career Criminal Act ("ACCA"). Defendant's counsel asserts that this prior conviction was disclosed for the first time on December 21, 2018, in the Presentence Investigation Report ("PSR") prepared by the probation officer. Defendant's counsel clarifies that he is not alleging any wrongdoing by the Government but maintains that, without the information regarding this prior conviction, he was not able to factor in this conviction in advising his client regarding the potential exposure he faced in this case, particularly with respect to the ACCA. Counsel contends that this fact alone constitutes a "fair and just" reason for allowing his client to

withdraw his guilty plea, and he maintains that, while a trial would inconvenience the Government, it does not appear that the Government will be prejudiced.

The Government concedes that it was also unaware of the 1995 conviction until it was disclosed in the PSR, but it, nevertheless, contends that Defendant should not be allowed to withdraw his guilty plea because: (1) he delayed unreasonably after pleading guilty before filing his Motion; (2) he does not claim he is innocent of the charged offense; and (3) he had close assistance of counsel for approximately two and one-half months before pleading guilty. In addition, the Government contends that the Indictment, Defendant's Factual Resume, and the transcript of the hearing in which Defendant pleaded guilty establish that: (1) his plea was made knowingly and voluntarily in that he was aware of the punishment range if the court agreed with the Government that he qualified as an armed career criminal under the ACCA; and (2) he knew he would not be allowed to withdraw his plea if the court imposed a sentence different from what he anticipated. The Government takes no position on whether the withdrawal of Defendant's plea will inconvenience the court, and it states that it will not take the position that it will suffer any prejudice if he is allowed to withdraw his plea.

## II. Standard for Withdrawal of Guilty Plea

Prior to sentencing, the court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal. *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). When ruling on the motion, the court should consider whether: (1) the defendant asserted his innocence;

(2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)). The court need not make a finding as to each *Carr* factor, as it makes its determination based on the totality of the circumstances. *United States v. Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003); *Brewster*, 137 F.3d at 858. The court refers to these factors collectively as "the *Carr* factors."

### III. Analysis

As neither party was aware of the 1995 conviction before issuance of the PSR on December 21, 2018, the court determines that the issue of whether Penny delayed in filing his Motion should be considered with reference to the PSR date, not the date he pleaded guilty as argued by the Government. Despite the slight delay in Penny filing his Motion after issuance of the PSR, which occurred close to the holidays, the court determines that the nondisclosure of the 1995 conviction until after Penny pleaded guilty constitutes a significant change in circumstances that justifies allowing him to withdraw his guilty plea. While Penny has not claimed he is innocent and acknowledged during the September 18, 2018 hearing that he was aware his sentence could vary substantially depending on whether he qualified as an armed career criminal, it is also apparent that the parties disputed whether the ACCA applied in light of his convictions that were known at that time and believed that Penny would only qualify if the Government prevailed on its argument that his burglary of a habitation was a qualifying conviction under the ACCA or succeeded in its pending
**Memorandum Opinion and Order – Page 3**

appeal in another case regarding the applicability of the ACCA to offenses for burglary of a habitation.

That Penny had close assistance of counsel does not change the court's determination in this regard, as the advice provided by counsel was based only on the convictions disclosed before he pleaded guilty, which is a key issue in this case as far as determining whether he qualifies as an armed career criminal who is subject to the ACCA's enhanced sentencing penalties. The range of sentence that a defendant could face is crucially important, as the amount of time to which a court could sentence a defendant is critical as to whether he or she pleads guilty. As the court understands the situation, Penny and his counsel understood that he had only two qualifying ACCA convictions when he pleaded guilty to the offense charged in this case because of the current state of the law regarding his prior burglary of habitation conviction, whereas three prior qualifying convictions are required for the ACCA sentencing enhancement to apply. Because of the parties' dispute over whether Penny's prior burglary of habitation conviction would subject him to the ACCA's sentencing enhancement, the Government, at the magistrate judge's request, stated during the hearing that he could be sentenced either as an armed career criminal to a term of imprisonment of fifteen years to life, or to a maximum sentence of ten years if the court determined he was not an armed career criminal because he did not have the requisite number of qualifying prior convictions. As a result of the disclosure of his 1995 aggravated robbery conviction in the PSR after he pleaded guilty, however, Penny now has three qualifying convictions, such that there no longer appears to be any debate whether he will be subject to the ACCA's enhanced penalties if found guilty for the offense charged in this case. Given this change in circumstances, the court does not believe Penny understood what sentence he could be facing, even though he was told that his sentence could vary

substantially depending on the court's resolution of the parties' dispute regarding punishment and applicability of the ACCA, which now appears to be moot in light of Probation's disclosure regarding the 1995 conviction.

Further, the Government does not contend that it will be prejudiced, and the court determines that a trial of this case will not inconvenience it given the felon-in-possession offense charged, which as noted by Penny's counsel normally takes only a few days to try. Accordingly, the court determines that the consideration of the foregoing *Carr* factors weighs in favor of allowing Penny to withdraw his guilty plea.

## IV. Conclusion

For the reasons explained, the court determines that the totality of circumstances establish a fair and just reason for allowing Penny to withdraw his guilty plea and **grants** his Opposed Motion to Withdraw Guilty Plea ("Motion") (Doc. 30). Accordingly, Penny's guilty plea is hereby **withdrawn** and the court, by separate order, will set this case for trial.

**It is so ordered** this 5th day of April, 2019.

                                                    Sam A. Lindsay
                                                  United States District Judge